Nov. Term,
1856.

Weaver
v.
The State.

Thursday,
January 8,
1857.

*D. C. Chipman*, for the State.

---

WEAVER *v.* THE STATE.

An information for a tort will not be quashed for alleging that the defendant is a person of color.

In this case the defendant, a colored man, offered two witnesses. The Court refused to admit them, unless defendant would admit that they were negroes, and that he was himself a mulatto. *Held*, that the witnesses should have been admitted or rejected according to the rules of law.

Thursday,
January 8,
1857.

APPEAL from the *Orange* Court of Common Pleas.

*Per Curiam.*—Information against *Henry Weaver*, alleged to be a colored man, for disturbing a common school.

Motion to quash overruled. This was right, as the information charged a disturbance, irrespective of the question of the color of the person.

On the trial, the defendant offered two persons as witnesses, but the prosecuting attorney "objected to their being sworn unless the defendant would admit that said witnesses were niggers, and that the defendant was a

mulatto, which the defendant refused to do," and the witnesses were excluded. The defendant was convicted.

The defendant had a right to have his proposed witnesses admitted or rejected according to the rules of law, to be applied by the Court, independent of any such conditions as were sought to be, and were, imposed. See, as to the admissibility of colored persons as witnesses, *Woodward* v. *The State*, 6 Ind. R. 492.

The judgment is reversed with costs. Cause remanded, &c.

*J. Baker*, for the appellant.

*D. C. Chipman*, for the State.