## McCrillis v. The State.

CRIMINAL LAW.—*Burglary.—Ownership.—Tenant.—Indictment.—Variance.*—A tenant, who is in the exclusive possession of property under a written lease, is, during the continuance of his term, whether it be for a long or short time, as absolutely the owner as if he had the fee in the property ; and, where an indictment charged the defendant with having burglariously entered the storehouse of D., and the evidence upon the trial showed that, while D. was the owner of the fee of the storehouse so entered, yet the same, at the time of the entry, was in the exclusive

possession and occupancy of W. as the lessee and tenant of D., under a written lease, he paying a stipulated rent therefor and using the same to carry on his business as a merchant, the variance between the name of the owner alleged and that proved is fatal.

SAME.—*General Tenancies.*—The rule that, where the property burglariously broken into is occupied by a tenant having a definite term, it must be alleged to be his property and not that of his landlord, applies in this State to property held by a general tenancy, the duration of which is not fixed by contract, as the statute converts such tenancies into tenancies from year to year.

From the Henry Circuit Court.

*J. N. Templer* and *R. S. Gregory*, for appellant.

*T. W. Woollen*, Attorney General, for the State.

WORDEN, J.—The appellant was indicted in the Randolph Circuit Court, the indictment containing two counts. The first charged the defendant with having burglariously entered the "storehouse of Susannah Diggs," with intent etc. The second charged the defendant with the larceny of the goods of Goodlope Wright.

On the application of the defendant, the venue of the cause was changed to the county of Henry, where he was put on trial, found guilty upon the first count of the indictment, and sentenced to pay a fine of fifty dollars and be imprisoned in the state-prison for the term of two years.

It appeared upon the trial of the cause that Susannah Diggs was the owner of the fee of the storehouse burglariously entered, but that the same, at the time of the entry, was in the exclusive possession and occupancy of Goodlope Wright, as the lessee and tenant of Susannah Diggs, under a written lease, he paying a stipulated sum as rent therefor, and using the same in carrying on his business as a merchant.

The question arises whether on these facts the conviction can be sustained.

There can be no doubt that it was necessary to state in the indictment the true name of the owner of the property

burglariously entered, unless, indeed, there was some reason given why it could not be stated ; and any material variance between the name stated and that proved on the trial would be fatal to the prosecution.

The question arises then, whether, on the facts proved, the property, in legal contemplation, was the property of Susannah Diggs, or of Goodlope Wright. We think clearly it was the property of Wright, and not of Diggs. Wright was in the exclusive possession under his lease, and, during the continuance of his term, the length of which does not appear, he was as absolutely the owner as if he had had the fee in the property. The lease may have been but for a short time, but, whether long or short, he was the owner during the term.

It is said in 2 East Crown Law, p. 506, that it can not be. burglary to break open one's own house. Yet it is clear, in the facts shown, that Susannah Diggs might have committed burglary in breaking open the storehouse in question during the term for which it was let to Wright, because, during that term, it was his and not her property..

The cases in which the like point has been involved all, so far as we are advised, either decide directly or assume that, where the property burglariously broken into is occupied by a tenant having a definite term, it must be alleged to be his property, and not that of his landlord. And the. rule must apply in this State to property held by a general tenancy, the duration of which is not fixed by contract, as the statute converts such tenancies into tenancies from year to year. 2 R. S. 1876, p. 338 ; *Brown's Adm'rs* v. *Bragg,* 22 Ind. 122 ; *Bright* v. *McOuat,* 40 Ind. 521.

The rule is applied as well in cases where the tenant is. the servant of the landlord, and is allowed to occupy the premises because he is such servant, as in other cases.

Thus, the following case is found stated in 2 Russell on Crimes, p. 29 :

" Greaves & Co. had a house and buildings where they carried on their trade ; Mettran, their servant, lived with his family in the house, and paid £11 per annum for rent and coals, such rent being much below the value ; Mettran was allowed to live there because he was a servant; Greaves & Co. paying the rates and taxes. One of the buildings having been broken into, the indictment charged a burglary to have been committed in the dwelling-house of Greaves & Co., and it was urged that Mettran's occupation was their occupation ; that the house he occupied might be deemed their dwelling-house ; and that all of their buildings might be deemed a part of their dwelling house. But upon a case reserved, the judges held that as Mettran stood in the character of a tenant, and Greaves & Co. might have distrained upon him for rent, and could not arbitrarily have removed him, Mettran's occupation could not be deemed their occupation, and that the conviction as to the burglary was wrong."

So, also, it is said in 2 Whart. Crim. Law, sec. 1571, that " if a servant live in a house of his master's at a yearly rent, the house can not be described as the master's house, though it be on the premises." See sec. 1577.

In 2 Archbold Crim. Pr. & Pl., 8th ed., at page 1097, is a note containing a valuable collection of authorities on the subject of the ownership of property in respect to which burglary has been committed, in which, among other things, it is said : " The material point to be ascertained will be, whether the ownership remains with the proper owner of the dwelling-house, and is exercised by him, either in his own occupation or by that of other persons on his account, or whether the proper owner has given such an interest to other persons, in the whole or in parts of the dwelling-house, as to constitute an ownership in such other persons."

McCrillis v. The State.

There can be no doubt, as has already been said, that a tenant in possession of property under a lease has the ownership during the continuance of his term.

Our statute has extended the crime of burglary so as to include not only the breaking and entering of a mansion house, but also of a "storehouse, manufactory, office, shop, out-house or boat." And a further extension is made by an act of March 29th, 1879, Acts 1879, p. 81. But the ownership must be correctly stated in either case.

We are of opinion that the variance between the name of the owner of the storehouse alleged and that proved was fatal; and that a motion made by the appellant for a new trial should have been granted.

The judgment below is reversed, and the cause remanded for a new trial.

The clerk will give the proper notice for the return of the prisoner.