No. 10,133.

## KENNEDY v. THE STATE.

CRIMINAL LAW.—*Continuance.*—*Evidence.*—Where a fact not constituting the body of the offence, but a circumstance tending to prove guilt, is to be put in evidence by the prosecution, and the defendant learns the intention of the State too late to procure evidence which will explain the fact, it is error to overrule his motion, on proper affidavit, to postpone the trial so as to give him the opportunity.

Kennedy v. The State.

SAME.—*Affidavit of Absent Witness.*—The affidavit of the absent witness need not be made a part of the application for a continuance.

SAME.—*Burglary.—Ownership.—Indictment.—Landlord and Tenant.*—Where the building alleged to have been burglariously entered is in possession of a lessee or tenant, it may properly be charged to be his property, or that of the landlord, sec. 1753, R. S 1881.

From the Decatur Circuit Court.

*J. S. Scobey* and *D. Watts*, for appellant.

*D. P. Baldwin*, Attorney General, *W. W. Thornton* and *M. D. Tackett*, Prosecuting Attorney, for the State.

ELLIOTT, J.—On the 21st day of February, 1882, an indictment was preferred against the appellant, charging him with the crime of burglary; three days afterwards the case was called for trial, a plea of not guilty entered, and a motion to postpone filed. The motion was overruled, and this ruling presents one of the questions for our consideration.

The affidavit filed in support of the motion contains all the essential statements required by the statute, and clearly shows the materiality of the testimony, and the residence of the absent witness. The only question fairly admitting of debate, is whether it shows proper diligence. Upon this point the statements are, in substance, that it was not until the morning of the day of the call that the appellant learned that the State expected to prove, as a criminative circumstance, that he took from a lot where one Stark was feeding hogs, a grain sack, and carried it to the mill, alleged to have been burglariously entered; that the witness by whom he could explain the circumstance, one John Murray, had not been subpœnaed because he did not know, or expect, until the time named, that any such evidence would be offered against him. We think the trial should have been postponed. Important as it is that trials in criminal prosecutions should speedily follow indictment, it is not of such overwhelming importance as to take from an accused person the right to meet evidence adduced against him. Where an accused discovers that a circumstance will be used against him which he can satisfactorily explain,

he should be allowed a reasonable opportunity for making the explanation. It can not be successfully maintained that the indictment sufficiently put the appellant upon enquiry as to the circumstances indirectly and remotely bearing upon the question of his guilt. It did undoubtedly put him upon enquiry as to all matters connected with the principal elements of the crime charged against him. We do not think that it did this as to such an isolated and remote criminative circumstance, as taking from an apparently secret spot a sack for carrying away the property feloniously taken. While such a circumstance might tend to establish guilt, it was not one which the presentment of an indictment would apprise him was to be adduced against him upon the trial.

We can not agree with the counsel for the State that the affidavit of the absent witness must be made part of the application for continuance. The case relied upon as sustaining this proposition lends it no support. In that case, *Gibson* v. *The State*, 9 Ind. 264, the motion was not for a continuance, but for a new trial.

It appeared in evidence that the mill burglariously entered was owned by William Grant; that Stephen Armstrong had leased it; that the terms of the lease were that the lessee should pay as rent one-half of the profits earned in the business of milling; that he should have possession and control of the business, and that the lessor should have nothing to do with the control or running of the mill. The mill charged to have been burglariously entered was alleged to be the property of Stephen Armstrong. The court instructed the jury that if the latter had leased the mill, and was in the exclusive possession of it at the time it was burglariously entered, he was the owner within the meaning of the law. The instruction states the law correctly. A tenant in possession is deemed the owner. The indictment may allege the ownership to be in him, or it may under the present statute charge it to be in the landlord. *McCrillis* v. *The State*, 69 Ind. 159.

The manner in which rent is to be paid does not change the

rule. In the present case Armstrong was as much the tenant of Grant as though the rent was payable in money. There was no partnership, one was tenant and the other landlord.

For the error in refusing a continuance, the judgment must be reversed.

Reversed.