## ZIMMERMAN v. STATE OF INDIANA.

[No. 23,617. Filed March 16, 1921. Rehearing denied May 13, 1921.]

1. CRIMINAL LAW.— *Evidence.— Admissibility. —Stenographer's Notes.—Absent Witness.—*Where it was shown that a witness at a former trial had enlisted in the army and had been sent to a foreign country, it was not error to permit the court reporter to read to the jury from her shorthand notes of the testimony of the witness given at the former trial. p. 540.

2. CRIMINAL LAW.—*Evidence.—Other Offenses.—Admissibility.* —Evidence of the commission by defendant of entirely separate and distinct offenses cannot be received for the purpose of showing a disposition to commit the crime charged or that the accused probably committed it, but where the act constituting the crime has been established, any evidence tending to show motive, intent or guilty knowledge, if in issue, or evidence which directly or as a natural sequence tends to show the defendant guilty of the offense charged is competent, although it tends to show him guilty of another and distinct offense. p. 542.

3. CRIMINAL LAW.—*Evidence.—Other Offenses.—Instructions.—* Where evidence of the commission by defendant of other offenses entirely separate and distinct from the one charge is admitted to show motive, intent, etc., the court should by in-

structions to the jury expressly and clearly limit such evidence
to the particular phase of the case to which it is relevant and
the purpose for which the jury may consider it.   p. 543.

4.   CRIMINAL LAW.—*Evidence.—Other Offenses.—Admissiblity.*—
In a prosecution for grand larceny wherein defendant was
charged with stealing an automobile, evidence that four months
previous to the commission of the offense charged defendant
had later gone to the factory for the purpose of procuring
another, *held* admissible to show the plan and method pur-
sued by defendant in obtaining possession of the car in ques-
tion, as well as guilty knowledge, and to aid the jury in deter-
mining who actually committed the offense, and to rebut the
defense that a certain person other than defendant was the
primary thief.   p. 543.

5.   WITNESSES.— *Recalling Witnesses.— Discretion of Court.*—
The recalling of witnesses and permitting them to testify in
rebuttal is largely within the discretion of the trial court.
p. 544.

6.   CRIMINAL LAW.— *Instructions.— Assuming Truth of Testi-
mony.*—In a prosecution for the larceny of an automobile, an
instruction limiting evidence tending to show the stealing of
another car and the purpose for which the jury might con-
sider such evidence *held* not erroneous as assuming the testi-
mony of a certain witness to be true.   p. 544.

7.   CRIMINAL LAW.—*Instructions.—Measure of Proof.—Circum-
stantial Evidence.*— An instruction relative to the probative
value of circumstantial evidence and the caution required by
a jury when basing a conviction thereon *held* not erroneous in
stating that the evidence need not produce absolute and demon-
strative certainty in the minds of the jury, when such instruc-
tion was read in connection with the instruction defining rea-
sonable doubt, which it was so worded as to naturally include.
pp. 545, 546.

8.   CRIMINAL LAW.— *Circumstantial Evidence.— Sufficiency.*—A
jury may convict on circumstantial evidence alone when the
circumstances are so strong and convincing as to be incon-
sistent with any reasonable hypothesis of the defendant's inno-
cence.   p. 545.

9.   CRIMINAL LAW.—*Instructions.—Repetition.*—In a prosecution
for the larceny of an automobile, the giving of five instructions
relating to the effect of unexplained exclusive possession of
stolen property within a short time after a larceny *held* sub-
ject to criticism even though it would not be said that the
trial court was guilty of an abuse of discretion.   p. 546.

10.   CRIMINAL LAW.— *Instructions.— Weight of Evidence.*— An
instruction stating that the testimony of a certain witness

should not be discredited because of the fact that he had made another affidavit charging another party with the same offense was not erroneous as an intimation of the court as to the weight the jury should give to the testimony of the witness as to the issue being tried.  p. 547.

11.  CRIMINAL LAW.—*Appeal.*—*Refusal of Instructions.*—The refusal of requested instructions, though applicable and correct in principle is not error, where they were fully covered by other instructions given.  p. 547.

From Howard Circuit Court; *William C. Overton,* Judge.

Prosecution by the State of Indiana against Charles H. Zimmerman.  From a judgment of conviction, the defendant appeals.  *Affirmed.*

*Overson & Manning* and *McConnell, Jenkines & Jenkines,* for appellant.

*Ele Stansbury* and *U. S. Lesh,* Attorneys-General, *Remster A. Bingham* and *Mrs. Edward Franklin White,* for the state.

MYERS, J.—Appellant, a young man twenty years old, was convicted in the Howard Circuit Court of grand larceny, as defined by §377, Acts 1905 p. 584, §2269 Burns 1914.  The subject of the alleged larceny was an automobile, the property of the Haynes Automobile Company.  The overruling of appellant's motion for a new trial is the only error relied on for a reversal of the judgment.

Appellant, in support of his motion, insists that the court erred in admitting certain evidence over his objection; in giving certain instructions upon its own motion; in giving certain instructions requested by the state; in refusing to give certain instructions requested by him; and insufficient evidence to sustain the verdict.

At a former trial of appellant on this same charge, a certain witness testified on behalf of the state and his testimony was reported by the official court reporter.

A subpoena for this witness was issued to the county of his residence in this state, and by the sheriff thereof returned not found. It was then made to appear by the father of the witness, and by his former associates, that, since the former trial, the witness had enlisted in the army and had been sent to a foreign country (France), where he was supposed to be at the time of the present trial.

Over the objection of appellant on the ground of insufficient preliminary proof, the court permitted the reporter to read to the jury from her shorthand notes the testimony of the witness given at the former trial. This character of evidence is now generally conceded to be admissible in criminal as well as in civil cases, upon a showing of diligence and inability to produce the witness in court. True, some questions were asked in making the preliminary proof, which the hearsay rule ordinarily would exclude, but as this proof as a whole had to do with determining the admissibility of the proposed evidence, we are convinced that no error thereby intervened harmful to appellant, and that the evidence of the absent witness was rightly admitted. *Iowa Life Ins. Co.* v. *Haughton* (1909), 46 Ind. App. 467, 480, 87 N. E. 702; 22 C. J. 440, §530.

As a part of the state's case in chief, and over the objection of appellant, and over his motion to strike out, the court permitted the testimony of two witnesses to go to the jury relative to appellant's statements, doings and actions, four months prior to the theft in question, with reference to another automobile, the property of the Haynes Automobile Company. It appears from the testimony of one of these witnesses that, in the spring of 1917, he accompanied appellant from Logansport to Kokomo and to within two city blocks of the Haynes automobile factory, where, at the suggestion of appellant, he waited until appellant should return from the

employment office of the Haynes company. In about an hour thereafter appellant returned, driving a new Haynes automobile, which they drove to Logansport. The announced purpose of appellant in seeing the Haynes company was to obtain a settlement for an alleged injury which he claimed to have received while working there. To this witness, a boy seventeen years old, and to this boy's step-father, the other witness, appellant stated that the Haynes company had given him this automobile in settlement of his claim against it. This automobile, the first or second day after it reached Logansport, was returned to the Haynes company by the step-father. Appellant sought to exclude this evidence on the ground that it tended to prove a distinct and independent offense from that for which he was on trial, and therefore was inadmissible.

Prior to the introduction of the evidence to which objection was made, another witness, John Moon, a young man twenty years old, testified that about three weeks or a month prior to the time of the theft as charged in the affidavit, he and appellant went from Logansport to Kokomo for the purpose of getting an automobile which appellant said he could get at the Haynes factory. When within two or three blocks of the factory "he left me and went toward the factory." In about an hour he returned saying "chances weren't very good." A little later he left him again and went back to the factory and in a short time returned saying "It isn't no good day, we will have to go back," and they then returned to Logansport. Witness further testified that on the morning of August 12 appellant came to him at the Murdock Hotel in Logansport, where he was working, and said that "he was going to get a car." In the evening of that day appellant came to witness at the hotel and said "he had the car" and told him it was "by the West Side Engine House," and that "the car wouldn't

run it was broke down, and that it would have to be pulled in, that the police were watching it, he didn't have no license number on it and it was in danger." "He or I one called up the Point Garage. After the car was pulled in he went and got it and came back for me." It was then on Pearl street about two blocks from the hotel. It further appears in evidence that the Haynes company was constructing automobiles faster than it could get shipping facilities from the railroad company, and was storing cars on a vacant lot near its factory. Appellant took employment with this company on the last day of January, 1917, and continued in its service for seventeen days, during a part of which time he was engaged in driving cars across the country to Peru where they were loaded on freight cars.

The general rule, and the one to which we adhere, is, that evidence of the commission of entirely separate and distinct offenses cannot be received for the purpose of showing a disposition to commit the crime charged, or that the accused probably committed it. *Underhill* v. *State* (1916), 185 Ind. 587, 114 N. E. 88; 1 Elliott, Evidence §175. But to this rule, from necessity to aid in the detection and punishment of crime, there are many exceptions as firmly fixed as the rule itself. To state the exceptions generally it can be said that when the act constituting the crime has been established, then any evidence tending to show motive, intent or guilty knowledge, if in issue, or evidence which directly or as a natural sequence tends to show the defendant guilty of the crime charged is competent, although it also tends to show him guilty of another and distinct offense. *Frazier* v. *State* (1893), 135 Ind. 38, 34 N. E. 817; *Clevenger* v. *State* (1919), 188 Ind. 592, 125 N. E. 41; *Underhill* v. *State, supra; People* v. *Thau* (1916), 219 N. Y. 39, 113 N. E. 556, 3 A. L. R. 1537; *Thompson* v. *United States* (1906), 144 Fed. 14, 16, 75

C. C. A. 172, 7 Ann. Cas. 62; State v. O'Donnell (1900), 36 Ore. 222, 61 Pac. 892.

In the case of People v. Molineux (1901), 168 N. Y. 264, 61 N. E. 286, 62 L. R. A. 193, it was said that evidence of other crimes should be admitted when

3. "It tends to establish (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the others; (5) the identity of the person charged with the commission of the crime on trial." But the court, by instructions to the jury, should, as was done in this case, expressly and clearly limit such evidence to the particular phase of the case to which it is relevant, and the purpose for which the jury may consider it.

From the evidence in the instant case, we are impressed with the view that appellant is not protected by the general rule which would require us to hold

4. the particular testimony in question irrelevant, for the reason, that evidence in many respects bears directly upon the question of his guilt, in that it tends strongly to corroborate the testimony of the witness, John Moon, and to show the plan and method pursued by appellant in obtaining possession of the car in question, as well as guilty knowledge, and serves to aid the jury in determining who actually committed the offense; for if the jury were limited to the evidence beginning twenty-four hours after the car in question reached Logansport, we could readily see much difficulty in naming the thief, for it appears that the witness, John Moon, took upon himself the apparent control and possession of the car and falsely represented the ownership thereof. But when all of the evidence, including that to which objection is made, is considered, it tends to rebut the defense open to appellant, that Moon was

the primary thief. Consequently we hold that the questioned evidence, although it may tend to show the accused guilty of another crime, nevertheless reflected light upon the issue being tried, and therefore was admissible. The various phases of this subject are discussed and the authorities collected in Sykes v. State (1903), 112 Tenn. 572, 82 S. W. 185, 105 Am. St. 972, and note thereto.

Counsel for appellant call our attention to other items of evidence admitted over objection, and the court's refusal to permit a witness to testify with reference to certain admissions of Moon as to the theft of certain automobile tires. We have carefully considered these matters and hold that no harm resulted to appellant from the trial court's ruling.

The recalling of witnesses and permitting them to testify on rebuttal is largely within the discretion of the trial court. The court in this case exercised that discretion and we fail to see wherein it was abused.

5.

Appellant complains of instructions Nos. 1½ and 4 given by the court on its own motion. He asserts that the first of these instructions is erroneous for the reason it assumed that the testimony of John Moon as to the possession of the car was true. It told the jury that: "During the progress of the trial, the witnesses, Walter L. Closson and Donald Sebastian, were permitted to testify concerning a Haynes automobile other than the one described in the affidavit, and to testify to conversations and conduct of the defendant relative thereto. At this time I again instruct you that you should not consider this evidence for the purpose of showing the guilt of the defendant, but only for the purpose of showing the familiarity of the defendant with the Haynes plant and the place

6.

where the car involved in this prosecution is alleged to have been taken, and for the purpose of identifying the defendant and explaining the possession of the car, as testified to by John Moon, and for the purpose of throwing light on the method of procedure by the defendant." The claimed assumption is not well founded. The instruction was directed to certain testimony with reference to statements and actions of appellant concerning another car, and served to limit the specifically pointed out testimony to corroborative weight, and applied it, among other things, to particular items of Moon's testimony without in anywise assuming the truth thereof.

Instruction 4 follows: "Upon the question of the measure of proof required, where the evidence is largely or wholly circumstantial, the court instructs you

7. that while circumstantial evidence may be in its nature, capable of the highest degree of moral certainty, yet from its very nature it requires careful and patient consideration. The evidence need not produce absolute and demonstrative certainty in your minds; but if it, taken as a whole, produces in your minds such a degree of moral certainty as to exclude every reasonable doubt of the defendant's guilt, it is then sufficient to authorize a conviction." The objection to this instruction is that it "is erroneous in stating that the evidence need not produce absolute and demonstrative certainty in the minds of the jury." This instruction had reference to the probative force of circumstantial evidence, and the caution required by a jury when basing a conviction on such evidence. The law, however, in this regard is well settled that a jury may convict on circumstantial evidence alone when

8. the circumstances are so strong and convincing as to be inconsistent with any reasonable hy-

pothesis of the defendant's innocence. *Robinson v. State* (1919), 188 Ind. 467, 471, 124 N. E. 489; *Thain* v. *State* (1914), 182 Ind. 345, 352, 106 N. E. 690; *Falk* v. *State* (1914), 182 Ind. 317, 106 N. E. 354. It will be noticed that while this instruction refers to the effect of the evidence on the minds of the jury, it uses the words "moral certainty," and is so worded as to naturally include the instruction defining reasonable doubt. When these instructions are read together, they fix a standard of certainty only attained by excluding every reasonable hypothesis of defendant's innocence. A verdict of conviction under such directions is not erroneous on account of the reason urged.

At the request of the state the court gave the jury five instructions, all on the effect of unexplained exclusive possession of stolen property within a short time after the larceny. Appellant insists that these instructions placed a burden upon him not justified by law, in that they called upon him to speak when he had a right to stand mute and demand that the state make its case unaided by him. These instructions are well within the rule heretofore announced by this court. *Waldon* v. *State* (1914), 182 Ind. 112, 104 N. E. 300; *Johnson* v. *State* (1897), 148 Ind. 522, 47 N. E. 926; *Mason* v. *State* (1908), 171 Ind. 78, 85 N. E. 776, 16 Ann. Cas. 1212. The giving of this number of instructions upon the one subject is, however, subject to criticism, for together they tend to unduly emphasize the particular subject covered. We are not prepared to say that they collectively reached the dignity of an argument by the court, or that they go to the extent which may be termed an abuse of discretion, but the point is worthy of notice. *Robbins* v. *Fugit* (1920), 189 Ind. 165, 126 N. E. 321.

Instruction No. 18, given to the jury at the request of the state, reminded the jury that the testimony of one

Hugh R. Perry should not be discredited because of the fact that he had made another affidavit charging another party with the same offense. There was evidence to the effect that Perry had made an affidavit against John Moon for the same larceny of which appellant was on trial. We find no reason for holding that this instruction was an intimation of the court as to the weight the jury should give to the testimony of the witness as to the issue being tried.

The court gave twenty-six of appellant's requested instructions and refused eleven. Nine of those refused he claims should have been given because they were accurate statements of the law applicable to this case, and were not covered by any other instructions given by the court. We have considered all of those refused and carefully compared them with the instructions given. Two of the nine refused were in practically the same language as two given. The remaining seven were fully covered by other instructions requested by appellant and given, or by those given by the court upon its own motion. Hence under former rulings of this court there is no occasion for us to give them further attention. *State* v. *Jackson* (1918), 187 Ind. 694, 121 N. E. 114; *Waldon* v. *State, supra;* *Straub* v. *State* (1913), 179 Ind. 251, 100 N. E. 754.

The evidence, under the rules of law governing a court of review in determining the sufficiency of the evidence, is unquestionably sufficient to sustain the verdict.

Judgment affirmed.

Townsend, J., absent.