STOKES, ALIAS COLEMAN v. STATE OF INDIANA.

[No. 29,032.   Filed May 11, 1954.]

*Kiplinger & Kiplinger,* of Rushville, for appellant.

*Edwin K. Steers,* Attorney General, and *Carl Humble,* Deputy Attorney General, for appellee.

BOBBITT, J.—Appellant was charged by affidavit with the crime of second degree burglary under the acts of 1941, ch. 148, §4(b), p. 447, being §10-701, Burns' 1942 Replacement, tried by jury, found guilty as charged, and sentenced to the Indiana State Prison for a term of 2 to 5 years, and disfranchised for a period of 3 years.

Errors assigned are as follows:

1. The court erred in overruling appellant's motion to quash the affidavit.
2. The court erred in refusing to give to the jury appellant's tendered instructions numbered 1 to 16, both inclusive.
3. The court erred in giving to the jury of its own motion, its instructions numbered 4, 7, 11, 16, 20 and 26, and each of them, separately and severally.
4. The court erred in overruling appellant's motion for a new trial.

We shall consider these in the order of their importance as indicated by the record before us.

*First:* In his motion to quash the affidavit appellant asserts (1) that the facts stated therein do not constitute a public offense; and (2) that the affidavit does not state the offense charged with sufficient certainty.

The affidavit, omitting formal parts, is as follows:

"Price Cox being duly sworn on his oath says:

"That on or about the 16th day of June, 1948, at Rush County, Indiana, Frank D. Stokes, alias Frank D. Coleman, did then and there unlawfully, feloniously and burglariously break and enter into The Moose Lodge building of John McDaniels, Leslie Craven and Bernard Joyce, as Trustees of Loyal Order of The Moose, Rushville Lodge Number 1556, then and there situate, and not then and there a dwelling house or place of human habitation, with the intent to commit a felony therein towit: then and there unlawfully, feloniously and

burglariously to take, steal and carry away the goods, chattels and personal property of Donald F. Woods, as Steward of the House Committee of the Social Club of Loyal Order of The Moose, Rushville Lodge Number 1556, then and there being contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Indiana."

Subsection (b) of §10-701, Burns' 1942 Replacement, *supra,* provides, *inter alia,* "Whoever breaks and enters into . . . any building or structure other than a dwelling-house or place of human habitation, with the intent to commit a felony therein, shall be guilty of burglary in the second degree, . . ."

Appellant contends (1) that the affidavit does not sufficiently set forth either the ownership, occupancy or right to possession of the building broken into and entered, or (2) that the ownership of the personal property which was the subject of the larceny was not sufficiently alleged because the affidavit states "that the personal property was that of Donald F. Woods, as Steward of the House Committee of the Social Club of Loyal Order of the Moose, Rushville Lodge Number 1556;" and (3) that the subject of the larceny is not specifically set forth and described in the affidavit.

An affidavit or indictment under this section (§10-701(b), *supra*) may allege the ownership of the property to be in the owner or in a tenant in possession. *McCrillis* v. *State* (1879), 69 Ind. 159; *Kennedy* v. *State* (1882), 81 Ind. 379, 381; *Radley* v. *State* (1910), 174 Ind. 645, 648, 92 N. E. 541. An allegation that appellant did "break and enter into The Moose Lodge building of John McDaniels, Leslie Craven and Bernard Joyce, as Trustees of Loyal Order of the Moose, Rushville Lodge Number 1556" is sufficient to allege ownership of such building in such per-

sons as trustees. This is sufficient as an allegation of ownership.

Donald F. Woods in his position as Steward of the House Committee could own or be in possession of goods, chattels and personal property, and an allegation that the personal property was that of Donald F. Woods, as Steward, was sufficient as against a motion to quash.

It is not necessary in an affidavit for second degree burglary to describe the goods intended to be stolen. *Suter* v. *State* (1949), 227 Ind. 648, 653, 88 N. E. 2d 386.

The affidavit herein was sufficient to meet all the requirements of §10-701(b), *supra. Ewing* v. *State* (1921), 190 Ind. 565, 131 N. E. 43.

The trial court did not err in overruling appellant's motion to quash.

*Second:* Appellant contends that the evidence is insufficient to sustain the verdict of the jury in that (1) the state failed to prove that John McDaniels, Leslie Craven and Bernard Joyce "as trustees" were the owners of, or entitled to, or had possession of the building described in the affidavit; (2) that there is no evidence showing that Donald F. Woods, as Steward of the House Committee, was the owner of or entitled to possession of any personal property which could have been the subject of the burglary.

The affidavit states that the crime was committed on or about the 16th day of June, 1948. The record discloses that the lodge, at a regular meeting held on December 2, 1946, by resolution, authorized the trustees of the lodge to purchase "the entire building in which the above mentioned Lodge [Rushville Lodge, No. 1556 Loyal Order of Moose] now occupies the top floor."; that said building was pur-

chased on January 11, 1947, and a report of the purchase made to the lodge on January 13, 1947. The record further shows that John McDaniels, Leslie Craven and Bernard Joyce were, on June 16, 1948, the duly elected and acting trustees of said lodge. This is sufficient to establish that such persons, as trustees, held the legal title to and had possession of the lodge building on the date the alleged crime was committed. 1 R. S. 1852, ch. 101, §11, p. 458, being §25-1513, Burns' 1948 Replacement.

A careful examination of the record discloses that there is sufficient evidence from which the jury might reasonably have inferred that the personal property which was the subject of the burglary was in the custodial possession of Donald F. Woods, as Steward of the House Committee.

No other question regarding the insufficiency of the evidence is presented or disclosed in the argument section of appellant's brief. In our opinion the evidence is sufficient to sustain the verdict of the jury, and the verdict is not contrary to law.

*Third:* Specifications 9 to 24, inclusive, of appellant's motion for a new trial are to the effect that the court erred in refusing to give to the jury defendant's-appellant's tendered instructions 1 to 16, inclusive. Appellee asserts that any objections to the refusal of the court to give such instructions were waived by the failure of defendant-appellant to object or except to such refusal, citing as authority therefore Rule 1-7 of this court. The first paragraph of Rule 1-7 applies only to the instructions which are given by the court. This rule does not require that a party requesting an instruction make an objection or exception when it is refused. *Gilmore* v. *State* (1951), 229 Ind. 359, 367, 98 N. E. 2d 677.

The substance of each of defendant's-appellant's tendered instructions numbered 1 to 16, inclusive, is covered by the court's instructions numbered 2, 6, 7, 8, 9, 10, 12, 19, 21, 22, 23, 24, 25 and 26. This being true it was not reversible error to refuse to give defendant's-appellant's tendered instructions numbered 1 to 16, inclusive. *Hedrick* v. *State* (1951), 229 Ind. 381, 387, 98 N. E. 2d 906.

*Fourth:* Specifications 3 to 8, inclusive, of appellant's motion for a new trial charge that the trial court erred in giving to the jury, on its own motion, the court's instructions numbered 4, 7, 11, 16, 20 and 26.

It is asserted that court's instruction number 4 does not correctly state the statute under which the affidavit was drawn. Instruction number 4 recites subparagraph (b) of §4, ch. 148, Acts 1941, p. 447, being §10-701(b), Burns' 1942 Replacement, *supra,* which defines the crime of burglary in the second degree. Subsections (a) and (c), the remainder of such section, define burglary in the first and third degrees. These subsections were not applicable to the facts stated in the affidavit and the court very properly refrained from reading them to the jury. The applicable section of the statute was contained in instruction number 4 in its entirety, and no error was committed in giving it.

Instruction number 11 states that "evidence may be either direct or circumstantial" and attempts to define direct and circumstantial evidence. Appellant asserts that this instruction was without the issues because "there was no evidence except direct evidence." An examination of the record compels us to disagree with the appellant on the presence of circumstantial evidence. However, even if there were none we are unable to see how appellant's substantial rights were prejudiced by the giving of this instruction.

Appellant has ably discussed the basis and reasons for his objection to instruction number 20. This instruction is explanatory of instruction number 19, and the two instructions, when read together, correctly state the law on the subject of presumption of innocence. This court has previously approved similar instructions, and nothing has been presented by appellant, either in his brief or on oral argument, that would cause us to overrule or modify such previous rulings of this court.

See: *Hinshaw* v. *State* (1919), 188 Ind. 447, 460, 124 N. E. 458.

Instructions numbered 7, 16 and 26 correctly state the law. They were proper in this case and we deem it unnecessary to prolong this opinion by discussing them further.

Finding no reversible error, the judgment of the trial court is affirmed.

Judgment affirmed.

Draper, C. J., Emmert, Flanagan and Gilkison, JJ., concur.

NOTE.—Reported in 119 N. E. 2d 424.