RICHARD E. JOHNSON v. STATE OF INDIANA.

[No. 1071-S298. Filed June 29, 1972. Rehearing granted November 3, 1972.]

*Anthony V. Luber,* of South Bend, for appellant.

*Theodore L. Sendak,* Attorney General, *Michael Schaefer,* Deputy Attorney General, for appellee.

GIVAN, J.—Appellant was charged by affidavit in three counts: Count 1. Conspiracy to commit a felony, to-wit: second degree arson; Count 2. Entering to commit a felony; and Count 3. Placing combustibles to destroy property. Trial by jury resulted in a verdict of guilty on Counts 2 and 3. The jury failed to reach a decision on Count 1. Appellant was sentenced to the Indiana State Reformatory for a term of not

less than one nor more than ten years on Count 2 and for a term of not less than one nor more than three years on Count 3.

The record reveals the following evidence:

Robert Luchowski, Charles Lehman and Richard Feingold went to a building owned by Indiana University in South Bend, Indiana, at approximately 1:00 A.M. As they entered the parking lot the three men saw a figure standing behind the glass doors of the building. The man they observed was wearing what appeared to be a black silk or nylon mask covering his face from the nose down. He was later identified as George Haynes. The three men entered the building and were confronted by the appellant and his companion, George Haynes, who Lehman recognized. Both the appellant and Haynes were armed, one with a bayonet and the other with a knife, which they brandished in a threatening manner. Haynes asked Lehman "if we couldn't just forget it." Cans were noticed containing a combustible petroleum product. When questioned concerning these cans both Haynes and appellant gave evasive answers.

John Philabaum, a student guard at the university, testified that he had checked the rooms in question between 12:45 and 1:00 A.M. and at the time of his check the cans containing the combustibles were not there.

Further investigation by police officers revealed evidence from which the jury was justified in finding that appellant and his companion had entered the building by the use of a ladder to the roof and the opening of a trap door on the roof. Both the appellant and his companion fled the scene before the police arrived.

Appellant first claims the verdict was not sustained by sufficient evidence. With this we do not agree. It is appellant's position the evidence that he and his companion placed the combustible material in the building is merely circumstantial and that circumstantial evidence which

merely tends to support the verdict is not sufficient. In support of this contention appellant cites *Sharp* v. *State* (1970), 254 Ind. 435, 260 N. E. 2d 593, 22 Ind. Dec. 245; *Melvin* v. *State* (1968), 249 Ind. 351, 232 N. E. 2d 606, 12 Ind. Dec. 473; *Manlove* v. *State* (1968), 250 Ind. 70, 232 N. E. 2d 874, 12 Ind. Dec. 494. However, the case at bar may easily be distinguished from the above cases for in this case the evidence is far greater than merely tending to support the finding of the jury. In the case at bar the appellant and his companion were actually caught inside the building. The cans containing the combustible material were found in the same area. They had not been there a few minutes before when a guard had made his rounds. When approached, the appellant and his companion threatened the three men who had discovered their presence by brandishing weapons. They also attempted to induce the men to forget the incident. They then fled the scene before police officers arrived.

We have previously stated a conviction may be sustained by circumstantial evidence. *Vaughn* v. *State* (1971), 255 Ind. 678, 266 N. E. 2d 219, 24 Ind. Dec. 554.

Flight and related conduct may be considered by the trier of fact as evidence of guilt. *Turner* v. *State* (1970), 255 Ind. 427, 265 N. E. 2d 11, 24 Ind. Dec. 146.

The jury was also justified in considering the fact that appellant was armed and acted in a threatening manner as evidence of his guilt. *Martin* v. *State* (1957), 236 Ind. 524, 141 N. E. 2d 107.

We hold there is sufficient evidence in this record to sustain the verdict of the jury.

Appellant next claims the trial court erred in giving State's Instruction No. 3, which reads as follows:

"Evidence is not to be considered in fragmentary parts and as though each fact or circumstance stood apart from the others, but the entire evidence is to be considered and the weight of the testimony to be determined from the whole body of the evidence. A circumstance considered apart from

the other evidence may be weak, if not improbable, but when viewed in connection with the surrounding facts and circumstances may be so well supported as to remove all doubt as to its existence as detailed by the witnesses. Acts considered apart from all other evidence may appear innocent, but when considered with other evidence may import guilt."

It is appellant's claim that the above instruction was unduly repetitive of State's Instruction No. 2 and places an undue emphasis on the law on circumstantial evidence. We cannot agree with appellant's observations. Certainly all phases of the law cannot be covered in a single instruction. By their very nature there is a certain amount of repetition in the instructions when taken as a whole. It is only when instructions are so repetitious as to place an undue emphasis on a particular point that they become improper. *Zimmerman* v. *State* (1921), 190 Ind. 537, 130 N. E. 235; see also *Minton* v. *State* (1966), 247 Ind. 307, 214 N. E. 2d 380, 7 Ind. Dec. 684. It was certainly proper to give an instruction on circumstantial evidence. *Stokes* v. *State* (1954), 233 Ind. 300, 119 N. E. 2d 424. We find no error in the giving of State's Instruction No. 3.

Appellant next claims the trial court erred in giving State's Instruction No. 5, which reads as follows:

"The Jury are instructed that in a criminal case the Defendant is presumed to be innocent until his guilt is shown by the evidence beyond a reasonable doubt, and this rule requires that each juror be convinced by the evidence beyond a reasonable doubt, that the Defendant is guilty under the law of the offense charged in the indictment. The Court further instructs you that while it is the duty of each juror to act upon his or her own individual judgment and determine for himself or herself the issue of the guilt or innocence of the Defendant of the crime charged, and that he or she must look solely to the law and evidence in the cause in determining for himself or herself the guilt or innocence of the Defendant, yet, it is likewise the duty of each juror to consult honestly, freely and fairly with his or her fellow jurors and endeavor with them, by a fair consideration of the law and evidence in the cause, to arrive at a just conclusion as to the guilt or innocence of the Defendant. No

juror, through carelessness or indifference, should yield his or her own judgment in this cause to the judgment of his or her fellow jurors. Neither should he or she, on the other hand, allow mere pride of personal opinion to prevent him or her from consulting and reasoning and deliberating with his or her fellow jurors in an honest and good-faith effort to arrive at a just verdict in this cause."

It is appellant's claim that the above instruction is repetitive and unduly emphasizes jury consultation and compromise. An examination of the above instruction, together with other instructions, reveals the only repetition to be the statements concerning reasonable doubt. We can hardly see how a repetition of the law on reasonable doubt could be detrimental to the appellant. The statements concerning the deliberation of the jury correctly state the law and are not unduly repetitive. For the same reasons above cited we hold there was no error in giving State's Instruction No. 5.

Appellant also claims the trial court erred in admitting the testimony of one George Kroppf, an adult probation officer. In the case at bar the appellant had first entered a plea of guilty, following which he had been referred to Mr. Kroppf for interview. This testimony was offered in rebuttal and concerned a conversation the witness had had with the appellant during which the appellant had made certain admissions to the witness. Evidence of this type is not admissible in the state's case in chief as evidence of guilt of the crime charged, but it is admissible on rebuttal for impeachment purposes only. *Harris* v. *New York* (1971), 401 U. S. 222, 91 S. Ct. 643, 28 L. Ed. 2d 1.

Appellant also contends for the first time on appeal that the trial court in permitting the testimony of George Kroppf did not comply with the terms of Burns' Ind. Stat., 1971 Supp., § 9-1634, which reads as follows:

"In any criminal prosecution brought by the state of Indiana, a confession, as defined in section (5) [§ 9-1638] hereof, shall be admissible in evidence of [if] it is voluntarily given. Before such confession is received in evidence, the

trial judge shall, out of the presence and hearing of the jury, determine any issue as to voluntariness. If the trial judge determines that the confession was voluntarily made, it shall be admitted in evidence and the trial judge shall permit the jury to hear relevant evidence on the issues of voluntariness and shall instruct the jury to give such weight to the confession as the jury feels it deserves under all the circumstances. [Acts 1969, ch. 312, § 1, p. 1293.]"

At the trial appellant did not raise any objection as to the voluntariness of the confession or the failure of the court to apply the statute. It will be noted that the judge is only mandated to conduct such a hearing to ". . . determine any issue as to voluntariness." We have previously stated that where an argument on appeal is of a different nature than the grounds of objection at the trial no question is raised for review. *Guthrie* v. *State* (1970), 254 Ind. 356, 260 N. E. 2d 579, 22 Ind. Dec. 174, We find no error in the admission of the testimony of George Kroppf.

The trial court is affirmed.

Arterburn, C. J. and Hunter, J., concur; DeBruler, J., dissents with opinion in which Prentice, J., concurs with separate opinion.

### DISSENTING OPINION

DeBRULER, J.—The majority opinion is fairly to be understood as adopting the position that the statements given to the probation officer by the appellant and later used on rebuttal for impeachment purposes were taken and used in violation of the requirements of *Miranda* v. *Arizona* (1966), 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694. In so doing, I believe they are correct, since the record of the proceeding does not show that the appellant was advised by the trial court at the time he entered his plea of guilty of his privilege against self-incrimination, nor does it show that the probation officer advised him of the privilege. The majority opinion holds that the statements of this appellant to the probation officer would

not be admissible in the State's case-in-chief, and in so holding I believe the majority is correct.

Unlike the majority, I am unwilling to adopt the restricted view of the privilege against self-incrimination taken by the United States Supreme Court in *Harris* v. *New York* (1971), 401 U. S. 222, 91 S. Ct. 643, and vote to adopt the rule for Indiana, that statements taken in violation of *Miranda* requirements are inadmissible for impeachment purposes. The State is correct in pointing out to this Court in its brief, that we are free to establish stricter constitutional requirements in the reception of evidence than those created by the United States Supreme Court. I would do just that in this case.

If this Court were to adopt the proper view of the privilege against self-incrimination, we would need only to continue to apply the procedural safeguards erected by *Miranda* in cases such as this. *Miranda* is already an ingrained part of our police procedures. The implementation of the *Miranda* requirements in Indiana has come about at considerable cost. One of the purposes of those requirements was to insure that the constitutional rights of the poor and uneducated would be as real and tangible as the constitutional rights of the rich and educated. And I for one would not start Indiana on the road back into the murky waters of pre-*Miranda* procedures where dangers to the poor, the unwary, and the innocent, lurk.

Prentice, J., concurs with separate opinion.

### DISSENTING OPINION

PRENTICE, J.—I join with Justice DeBruler in his dissent. It is my conviction that the majority opinion in *Harris* v. *New York* (1971), 401 U. S. 222, 91 S. Ct. 643, 28 L. Ed. 2d 1 represents an unwarranted retrogression from the principles set forth in *Miranda* v. *Arizona* (1966), 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 and that the dissent thereto by Associate Justice Brennan correctly determines the major issue, which is not whether or not the evidence will or will not

be admitted in a given case but rather whether or not the state will be bound by its own laws. I agree that the exclusionary rule has resulted in the escape from the penalty of the law by numerous criminals which has, to a great extent, contributed to a lessening of public confidence in our judicial system.

Recognizing that imperfection exists in all systems, however, the public concern should be with the selection of the system best adapted to its needs and capabilities and not merely with the results in specific instances, wherein the system may not have functioned to our liking. Departures from the system, whatever they may be, to accomplish what then appears to be a justifiable end must inevitably lead to a complete breakdown of that system and leave the administration of justice to the whim of those who happen to be in a position of authority at the moment. We have selected our adversary system of criminal jurisprudence, not because it is perfect but because the majority thus far consider it to be the best available. Recognizing certain inherent imperfections in it, we have adopted certain constitutional safeguards to protect the individual against their natural consequences. It is unavoidable that such safeguards shelter the guilty as well as the innocent. The exclusionary rule has become notorious in recent years for the abuses to which it has contributed. Yet, the rule was conceived to avert even greater abuses that appear to be otherwise uncontrollable. The remedy to the inequities that have occurred under the *Miranda* rule lie not in the erosion and ultimate abolition of the rule but rather in its strict application. The alternative to the exclusion of probative but inadmissible evidence is to render it admissible, not by drawing distinctions where valid differences are non-existent but by zealous avoidance by the state of the primary error of failure to properly protect and advise those in its custody. Certainly the inconvenience of giving such warnings is dwarfed into oblivion when compared even to a mere possibility that an innocent person may otherwise be erroneously convicted. I

agree with Justice DeBruler that the *Miranda* rule is now ingrained in our police procedures. I believe it has served our adversary system well, notwithstanding imperfect results. I see no need to abandon it or curtail it, and I believe that the holding in *Harris* v. *New York, supra,* will, at best, lead to confusion and very likely, in many instances, to the very abuses that compelled the adoption of the *Miranda* rule in the beginning.

NOTE.—Reported in 284 N. E. 2d 517.

## OPINION ON PETITION FOR REHEARING

GIVAN, J.—Appellant has filed a petition for rehearing in which, among other things, he raises for the first time, the question as to the legality of the one to ten year sentence on his conviction for entering to commit a felony.

Appellant is correct in his observation that under the authority of *Easton* v. *State* (1972), 258 Ind. 204, 280 N. E. 2d 307, 29 Ind. Dec. 698, the crime of entering to commit a felony is a lesser included offense of second degree burglary and, therefore, a person convicted of entering to commit a felony cannot receive a sentence greater than the sentence provided for in second degree burglary.

The cause is, therefore, remanded to the trial court for a correction of the sentence imposed upon appellant on the conviction for entering to commit a felony.

Arterburn, C. J. and DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 288 N. E. 2d 553.