FLETCHER, LUCKETT *v.* STATE OF INDIANA.

[No. 769-S-151. Filed February 18, 1970. No petition for rehearing filed.]

*Malcolm G. Montgomery,* Evansville, for appellants.

*Theodore L. Sendak,* Attorney General, *William F. Thompson,* Deputy Attorney General, for appellee.

ARTERBURN, J.—This is an appeal from the conviction of the appellants in the Vanderburgh Circuit Court for second degree burglary. Three issues are presented for our consideration:

1. Is the evidence sufficient to identify the appellant, Jewell Fletcher, Jr., as being one of the persons who committed the act?
2. Is the evidence sufficient to identify the appellant Charles Thomas Luckett as being one of the persons who committed the act?
3. Did the trial court err by allowing certain articles into evidence over the objection that a proper chain of custody had not been established?

The evidence most favorable to appellee reveals that on the morning of November 23, 1968, at aproximately 6:00 A.M., a liquor store in Evansville was broken into. The activity of the burglars was observed by three eyewitnesses. All three of the eyewitnesses were at a residence near the liquor store when they heard the sound of glass breaking. One of the witnesses testified that he went to the door of the home and there saw a man breaking the glass out of a window in the liquor store. The man entered the store through the window. The witness then observed the man inside the store hand a carton through the window to an accomplice. It appeared to be a carton containing cigarettes. The accomplice walked around the building and returned without the box. Bottles of whiskey were then handed through the window. The man inside the store came out through the window and walked toward the rear of the liquor store. In the meantime the police had been called and had arrived.

Although none of the three witnesses observing the burglary saw the face of Fletcher at the time of the burglary, there is nevertheless overwhelming evidence to support the identity of the appellant Fletcher as one of the burglars. Testimony of the eyewitnesses established that the man who remained in the alley to retrieve the articles handed through the window

of the liquor store was a short man wearing a light blue jacket and dark blue trousers. When the police arrived at the scene they observed the appellant Fletcher several feet from the liquor store carrying what was later identified as the carton of cigarettes taken from the liquor store. Appellant Fletcher was pursued for a short distance before he was apprehended. He was dressed in a light blue jacket and dark blue trousers. The clothing appellant Fletcher was wearing when arrested was identified by the three eyewitnesses to the burglary as being the same clothes worn by one of the perpetrators of the crime. This evidence, together with all reasonable inferences, is sufficient to support the finding that appellant Fletcher was a participant in the burglary.

It is next urged that appellant Luckett's identity was not sufficiently established. Two of the eyewitnesses testified that the man who entered the liquor store through the window wore a green sweater and was tall. After the police had placed appellant Fletcher in custody they proceeded down the alley behind the liquor store and found appellant Luckett behind a garage. He had several bottles of whiskey in his arms and was placing them on the ground. The whiskey was later identified as the whiskey taken from the liquor store. Upon searching appellant Luckett the police found a set of keys which the owner of the liquor store testified he left in the cash register in the store. The keys fit the lock on the front door of the store. Appellant Luckett was wearing a green sweater at the time of his arrest. In addition to this evidence one of the eyewitnesses knew Luckett personally and positively identified appellant Luckett at the police station and in court, although he was able to identify appellant Fletcher only by the clothing he was wearing.

It is lastly argued that the chain of custody of certain evidence introduced at trial was insufficiently established and therefore the admission of the evidence was improper. More particularly, objection was made to the introduction into evidence of a set of keys and four bottles of whiskey which were

taken from the victimized establishment. Appellants urge that there was a failure to establish who had custody of these articles from the time they were seized until the time they were introduced into evidence.

The appellants cite no cases or commentaries in support of their position. The identity of any exhibit is one of reasonable probability that it is the item which it is represented to be. Of course there must be evidence that it is the same item and that there has been no material alteration or tampering. The witness upon observation may so testify without having any knowledge of its custody during the interim. The police here testified that the articles appeared to be identical to those recovered at the scene of the burglary. Each article bore the officer's initials and date they were recovered. See *Johnson* v. *State* (1969), 252 Ind. 79, 246 N. E. 2d 181. Testimony further indicated that all the articles, subsequent to recovery and marking, were taken to the police record room. Little or nothing turned on the precise nature of the custody of the articles, since their identity was proved by clear and unchallenged testimony. No evidence was offered by the defense suggesting any laxity in custodial procedures, or any reason why the exhibits should be regarded as in any way untrustworthy. It is stated at 22A C. J. S., *Criminal Law* § 709:

> "It is further necessary and sufficient . . . that it be shown prima facie that the articles exhibited are in substantially the same condition as when the crime was committed and that there has been no such substantial change in the articles as to render the evidence misleading. However . . . the state is not required to negative change of condition and appearance in the absence of any claim or evidence that they have, or may have, been altered or interfered with and further, asserted discrepancies go rather to the weight of the evidence than to the admissability . . ."

Of course the defendant has the right to cross-examine any witness with reference to his identification of an exhibit. In

doing this he may go into the matter of its custody possession and care prior to its introduction into the evidence. The factual issue as to the identity of the exhibit or its change or alteration is a matter for the ultimate determination of the triers of the fact. In this case the jury found against the appellant's contention on evidence of facts sufficient to support the verdict.

The judgment is affirmed.

Hunter, C.J., Givan and DeBruler, JJ., concur; Jackson, J., concurs in result.

NOTE.—Reported in 255 N. E. 2d 217.