Nathaniel GRANT, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00–8702–CR–225.

Supreme Court of Indiana.

Nov. 23, 1988.

L. Craig Turner, Boberschmidt, Miller, O'Bryan & Turner, P.A., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Burglary, a Class B felony, for which he received a ten (10) year sentence; Attempted Deviate Conduct, a Class A felony, for which he received a thirty (30) year sentence, enhanced by thirty (30) years by reason of his being an habitual offender; Rape, a Class A felony, for which he received a thirty (30) year sentence, which was enhanced by thirty (30) years by reason of his being an habitual offender; Criminal Deviate Conduct, a Class A felony, for which he received a thirty (30) year sentence; Attempted Robbery, a Class B felony, for which he received a ten (10) year sentence; Intimidation, a Class C felony, for which he received a five (5) year sentence; and a finding that appellant was an habitual offender, all sentences to run concurrently.

The facts are: At approximately 10:00 p.m. on the evening of July 31, 1984, the victim was watching television in bed with her three children when a man later identified as appellant came through her bedroom window and pointed a pistol at her. When her two-year-old child started to cry,

appellant placed a pistol to the child's head and told the woman to keep the child quiet or he would quiet the child. Appellant then ordered the victim to undress, and when she hesitated, he tore her gown from her.

Leaving the children in the bedroom, appellant took the victim into the living room where he ordered her to commit fellatio. When she refused, he then forced her to lie on the sofa and raped her. Following the vaginal rape, appellant then inserted his penis into the victim's rectum. Following the rape and the deviate conduct, appellant rifled through the victim's purse. However, when he did not find any money he ordered the victim to leave $75 in the first tree she came to in the park the following day. He threatened the victim and indicated that if she called the police he would kill her and her children.

Appellant claims the trial court erred in overruling his objections to the admission of the original informations pertaining to his prior felony convictions. During the habitual offender phase of the trial, the State submitted evidence of three prior convictions. Papers submitted by the State on these three convictions contained the factual allegations relevant to each count. Appellant claims this was especially harmful. A previous conviction of child molesting contained two other counts, one of burglary and one of child molesting, which were dismissed by the State after appellant had entered a plea of guilty to child molesting. Appellant claims the court erred in allowing information to go to the jury showing the two counts which had been dismissed following the plea of guilty.

This Court has previously held that the charging of more than the two necessary felonies to prove an habitual offender charge is mere surplusage. *Golden v. State* (1985), Ind., 485 N.E.2d 51. This Court also held that "evidence relative to proof of the crime charged is admissible even if that evidence also tends to prove the accused's commission of an uncharged crime." *Id.* at 56. The trial court did not commit reversible error in permitting the evidence to go before the jury.

Appellant claims the trial court erred in overruling his objections and motion for mistrial based on prosecutorial misconduct during final argument at the conclusion of the habitual offender hearing. During final argument, the prosecutor alluded to the nature of the prior felonies necessary to establish the status of habitual offender and alluded to the fact that although the jury had observed these crimes on paper only, they should be aware that real people were the victims of those crimes.

Appellant moved for a mistrial on the ground that such comment was improper and prejudicial to appellant. The purpose of the statute allowing enhancement of a current sentence by reason of a status of habitual offender is to provide for longer incarceration for persons who demonstrate that they pose a threat to society. *See Jones v. State* (1983), Ind., 449 N.E.2d 1060; *Dillon v. State* (1983), Ind., 448 N.E. 2d 21.

Appellant cites *Williams v. State* (1982), Ind., 431 N.E.2d 793 to support his position that it was improper for the prosecutor to comment on the nature of his prior convictions. In *Williams,* this Court stated that a defendant's guilt or innocence in prior crimes is not an issue before the court hearing the habitual offender charge. We stated that it is not proper for the court to contest the legality of those prior sentences by way of collateral attack. This does not mean however that the prosecuting attorney is foreclosed from commenting upon the nature of the prior convictions. This is evidence which is properly placed before the jury in view of the fact that the statute requires that appellant must have been convicted twice previously of felonies before they can find him to be an habitual offender. The charge and the conviction are thus necessary for the making of such a finding. We do not find the comment of the prosecuting attorney to exceed the bounds of proper presentation to the jury.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER and PIVARNIK, JJ., concur.

DICKSON, J., concurs except as to the habitual offender proceeding which he would find defective.