Leon Z. KYLES, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 02A04–0803–CR–168.

Court of Appeals of Indiana.

June 19, 2008.

John C. Bohdan, Fort Wayne, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, George P. Sherman, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

ROBB, Judge.

### Case Summary and Issues

Following a jury trial, Leon Kyles appeals his conviction of unlawful possession

of a firearm by a serious violent felon, a Class B felony, and the jury's habitual offender finding. On appeal, Kyles raises two issues, which we restate as 1) whether the trial court properly admitted a shotgun into evidence that was discovered following an inventory search of Kyles's vehicle and 2) whether the trial court properly denied Kyles's motion for a mistrial during the habitual offender phase of the trial. Concluding that the trial court properly admitted the shotgun into evidence and properly denied Kyles's motion for a mistrial, we affirm.

### Facts and Procedural History

On the afternoon of August 26, 2007, Officer Mark Deshaies of the Fort Wayne Police Department was driving in his marked patrol vehicle when he observed a red Pontiac stray left of center. Based on this observation, Officer Deshaies followed the Pontiac and ran a computer check of its license plate number. The check revealed that Kyles was one of the Pontiac's registered owners and that he had recently been cited for driving while suspended. However, before Officer Deshaies could initiate a traffic stop, the Pontiac abruptly turned onto another street and pulled to the side. Officer Deshaies followed and observed the driver exit the Pontiac and walk away. The driver's appearance was consistent with an image of Kyles that had been obtained from the computer check, so Officer Deshaies parked his patrol vehicle behind the Pontiac, exited, and asked Kyles to walk toward him. Kyles complied, and Officer Deshaies "asked him if he was supposed to be driving." Transcript at 7. Kyles responded that he was not. At that point, the two were approximately five feet from the driver's side door of the Pontiac, and Officer Deshaies observed a front-seat passenger moving around. While Officer Deshaies was instructing the passenger not to move, he looked at the driver's seat and saw "a clear glass tube about three inches long [with] burnt residue at both ends...." Id. at 8. Believing that the glass tube was a crack pipe and that its presence constituted probable cause for arrest, Officer Deshaies attempted to handcuff Kyles, eventually securing him after a brief struggle. Shortly after Kyles was secured, two other police officers arrived at the scene to assist Officer Deshaies with the passenger. One of these officers arrested the passenger after confirming he had an outstanding warrant. The other officer then conducted a tow inventory search of the Pontiac, discovering a shotgun in the trunk.

The State charged Kyles with unlawful possession of a firearm by a serious violent felon, a Class B felony, and also sought sentence enhancement based on Kyles's alleged status as an habitual offender. On October 18, 2007, Kyles filed a motion to suppress the shotgun. On November 2, 2007, the trial court denied the motion to suppress, and the case was tried to a jury. At trial, Officer Deshaies testified to the events described above, with the exception that he was not permitted to testify about his discovery of the crack pipe. The jury returned a guilty verdict and also found Kyles to be an habitual offender following that phase of the trial. The trial court entered judgment on the verdict and sentenced Kyles to ten years on the unlawful possession of a firearm by a serious violent felon charge, enhanced by twenty years based on the jury's habitual offender finding. Kyles now appeals.

### Discussion and Decision

#### I. Search of Vehicle

■ Kyles argues the trial court improperly denied his motion to suppress the shotgun because its discovery violated his

rights under the Fourth Amendment.[1] In cases such as this one, where the defendant does not appeal the denial of a motion to suppress and the evidence is admitted over the defendant's objection at trial, we frame the issue as whether the trial court abused its discretion in admitting the evidence at trial. *See Cochran v. State*, 843 N.E.2d 980, 982–83 (Ind.Ct.App.2006), *trans. denied, cert. denied,* — U.S. —, 127 S.Ct. 943, 166 L.Ed.2d 722 (2007). We will reverse the trial court's ruling on the admissibility of evidence if the trial court has abused its discretion. *Id.* at 983. An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the trial court. *Id.* In making this determination, we do not reweigh evidence and consider conflicting evidence in a light most favorable to the trial court's ruling. *Cole v. State*, 878 N.E.2d 882, 885 (Ind.Ct.App. 2007). We also consider uncontroverted evidence in the defendant's favor. *Id.*

■ Kyles's theory that the shotgun should have been suppressed does not directly challenge the reasonableness of the inventory search of his vehicle. Instead, Kyles argues the shotgun should have been suppressed because Officer Deshaies's observation of the crack pipe did not constitute probable cause for a warrantless arrest. The theory is a valid one, *see Crowe v. State*, 251 Ind. 562, 565, 243 N.E.2d 759, 761 (1969) ("The arrest being without probable cause, the search likewise based upon the arrest was unlawful, and the evidence obtained from the search is not admissible."), and the propriety of the trial court's decision to admit the shotgun therefore turns on whether Officer Deshaies had probable cause to arrest Kyles.

■ "Probable cause adequate to support a warrantless arrest exists when, at the time of the arrest, the officer has knowledge of facts and circumstances that would warrant a person of reasonable caution to believe that the suspect committed a criminal act." *Griffith v. State*, 788 N.E.2d 835, 840 (Ind.2003). "The amount of evidence necessary to meet the probable cause requirement is determined on a case-by-case basis ... and the facts and circumstances need not relate to the same crime with which the suspect is ultimately charged." *Ortiz v. State*, 716 N.E.2d 345, 348 (Ind.1999) (citation omitted). Relying on Indiana Code section 35–33–1–1(a)(4), which permits an officer to make an arrest if the officer has probable cause to believe a person is committing a misdemeanor in the officer's presence, Kyles points out that possession of paraphernalia can be classified as an infraction, a misdemeanor, or a felony depending on the circumstances. *See* Ind.Code § 35–48–4–8.3. As such, Kyles argues that because the record fails to demonstrate whether probable cause existed to classify the possession as a misdemeanor or felony, Officer Deshaies lacked authority to make a warrantless arrest.

We note initially that we are skeptical of Kyles's argument in light of the Supreme Court's recent decision in *Virginia v. Moore*, — U.S. —, 128 S.Ct. 1598, 170 L.Ed.2d 559 (2008). In *Moore*, the Court held that state regulation of officers' authority to make warrantless arrests does not alter the protections and remedies available under the Fourth Amendment. *See id.* at 1607. In so holding, the Court reaffirmed the Fourth Amendment standard for warrantless arrests: "When offi-

---

1. Kyles also argues the discovery violated his rights under Article I, Section 11 of the Indiana Constitution, but has not presented this argument in a manner that is distinct from his Fourth Amendment argument. Accordingly, Kyles has waived this argument. *See White v. State*, 772 N.E.2d 408, 411 (Ind. 2002).

cers have probable cause to believe that a person has committed a crime in their presence, the Fourth Amendment permits them to make an arrest, and to search the suspect in order to safeguard evidence and ensure their own safety." *Id.* at 1608. Although the Court did not explicitly state what type of crime would authorize a warrantless arrest, it suggested that the threshold is fairly low. *See id.* at 1604 ("In a long line of cases, we have said that when an officer has probable cause to believe a person committed even a minor crime in his presence, the balancing of private and public interests is not in doubt. The arrest is constitutionally reasonable." (citing, among other cases, *Atwater v. City of Lago Vista*, 532 U.S. 318, 354, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001))).

Nevertheless, we need not rely on *Moore* because Officer Deshaies had probable cause to believe Kyles committed the offense of possession of paraphernalia as a Class A misdemeanor. Indiana Code section 35–48–4–8.3(a) states:

> (a) A person who possesses a raw material, an instrument, a device, or other object that the person intends to use for:
>> (1) introducing into the person's body a controlled substance;
>> (2) testing the strength, effectiveness, or purity of a controlled substance; or
>> (3) enhancing the effect of a controlled substance;
> in violation of this chapter commits a Class A infraction for possessing paraphernalia.

A violation of subsection (a) is a Class A infraction, *see id.*, but subsection (b) elevates the offense to a Class A misdemeanor if the person knowingly or intentionally possesses the paraphernalia. *See* Ind. Code § 35–48–4–8.3(b). Here, Officer Deshaies testified that he observed the crack pipe on the driver's seat shortly after Kyles had exited the vehicle from the driver's side door. By way of comparison, this court has concluded there was sufficient evidence to support a finding that the defendant knowingly or intentionally possessed paraphernalia under circumstances similar to the circumstances in this case, *see, e.g., Trigg v. State*, 725 N.E.2d 446, 450 (Ind.Ct.App.2000) (concluding there was sufficient evidence the defendant knowingly or intentionally possessed paraphernalia because "[t]he residue encrusted crack pipe was lying on the car seat where [the defendant] had been sitting immediately prior to exiting the car"); *Crabtree v. State*, 479 N.E.2d 70, 75 (Ind.Ct.App.1985) (concluding there was sufficient evidence the defendant knowingly or intentionally possessed paraphernalia in part because the defendant "was in close personal proximity to contraband which was in plain view"), and we are therefore convinced that Officer Deshaies had probable cause to believe that Kyles committed possession of paraphernalia as a Class A misdemeanor in Officer Deshaies's presence. Thus, Officer Deshaies's warrantless arrest of Kyles and the subsequent search of the vehicle did not violate the Fourth Amendment, and it follows that the trial court properly admitted the shotgun discovered during that search into evidence.

## II. Motion for Mistrial

Kyles argues the trial court improperly denied his motion for a mistrial. The decision to grant or deny a motion for a mistrial is within the discretion of the trial court. *Booher v. State*, 773 N.E.2d 814, 820 (Ind.2002). On appeal from the denial of a motion for a mistrial, the defendant must demonstrate that the conduct complained of was both error and had a probable persuasive effect on the jury's decision. *Pierce v. State*, 761 N.E.2d 821, 825 (Ind.2002). In making this determination, we recognize that the trial court is in

the best position to evaluate the conduct's impact on the jury, and therefore afford great deference to the trial court's decision. *Booher*, 773 N.E.2d at 820.

To prove that Kyles was an habitual offender, the State introduced into evidence certified copies of judgments of conviction stating that Kyles was convicted twice of theft as a Class D felony, first in September 1997 and again in January 2007.[2] The judgment of conviction for the September 1997 theft contains handwritten statements indicating that Kyles was convicted of battery as a Class B misdemeanor in relation to the theft offense and that his prior criminal history includes six true findings as a juvenile, fourteen misdemeanor convictions, and two other felony convictions. Kyles argues that this extra information concerning his prior criminal history "was so prejudicial that it absolutely foreclosed any possibility" that the jury would find in his favor on the habitual offender allegation. Appellant's Brief at 14.

To establish Kyles was an habitual offender, the State had to prove beyond a reasonable doubt that Kyles had been convicted of two prior unrelated felonies. *See* Ind.Code § 35–50–2–8. Our supreme court has consistently stated that if the State introduces evidence that the defendant has been convicted of more than two prior unrelated felonies, the introduction of such additional felonies is "mere surplusage" and therefore harmless. *See Wilson v. State*, 511 N.E.2d 1014, 1017 (Ind.1987); *Golden v. State*, 485 N.E.2d 51, 56 (Ind. 1985). As such, we fail to see how the inclusion of additional felony and non-felony offenses, though voluminous, substantially prejudiced the jury's decision. In

this respect, we note that not only did the State introduce the two prior judgments of conviction into evidence, but also that Kyles admitted to committing these offenses during the guilt phase of the trial. Thus, the State presented substantial evidence that Kyles was an habitual offender, and we cannot conclude that the trial court improperly denied his motion for a mistrial.

### Conclusion

Because Kyles's warrantless arrest was based on probable cause, the resulting search of Kyles's vehicle did not violate the Fourth Amendment, and the trial court properly admitted into evidence the shotgun that was found during that search. Moreover, the trial court properly denied Kyles's motion for a mistrial during the habitual offender stage of trial.

Affirmed.

BAKER, C.J., and RILEY, J., concur.

---

**2.** During the guilty phase of the trial, the State introduced a copy of a certified judgment of conviction stating that Kyles was convicted of dealing in cocaine as a Class B felony. This conviction was introduced to support an element of the unlawful possession of a firearm by a serious violent felon charge. *See* Ind.Code § 35–47–4–5(b)(23).