## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 13 2020, 9:24 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Amy E. Karozos
Public Defender of Indiana

Jonathan O. Chenoweth
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Samuel J. Dayton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

James Matthew Hayes,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent*

May 13, 2020

Court of Appeals Case No.
19A-PC-2538

Appeal from the Greene Circuit Court

The Honorable Lucas M. Rudisill, Magistrate

Trial Court Cause No.
28C01-1603-PC-3

**Crone, Judge.**

# Case Summary

[1] James Hayes appeals the denial of his petition for post-conviction relief (PCR) claiming that the post-conviction court erred in determining that he had not met his burden to establish that he was denied effective assistance of trial counsel. Finding no clear error, we affirm.

# Facts and Procedural History

[2] The underlying facts as recited by another panel of this Court on direct appeal are as follows:

> On April 15, 2014, after a night of smoking methamphetamine, Cory Slaven, Sierra Sipes, and Defendant James Hayes gathered at a mobile home in Greene County. They brought with them the accoutrements of methamphetamine production, including Mucinex D, Coleman camp fuel, and iodized salt. Hayes planned to make a fresh batch to smoke.
>
> The mobile home belonged to Craig Blake, who lived there with a friend. Hayes did not live there. Blake was briefly present on April 15, but then left. At the bottom left corner at the end of the mobile home, there was a small "no trespassing" sign.
>
> At some point in the evening, Slaven and Sipes had a heated argument, and Slaven left. Around 7:30 p.m., he called in an anonymous tip to the Greene County Sheriff's Department, telling the dispatcher that there was a methamphetamine lab at Blake's mobile home. Lieutenant Marvin Holt and Deputy Jordan Allor proceeded to the property in a marked police car, but did not use the lights or sirens. They parked out front and followed a gravel path that led to the main entrance of the home. They used flashlights to illuminate their way.

The officers came up to a sliding glass door, knocked on it, and asked for Blake. From the doorway, they could see Sipes and Hayes sitting in the dark on a couch. Lieutenant Holt immediately recognized Hayes from an outstanding arrest warrant issued two days prior. He ordered Hayes to exit the home. Hayes eventually complied, after secreting away a two-liter bottle underneath a jacket.

Hayes was placed in handcuffs and patted down. Lieutenant Holt discovered a wet paper towel wrapped in cellophane giving off a strong chemical odor. Hayes confirmed that it was methamphetamine. The officers then applied for, and were granted, a warrant to search the mobile home. During the execution of that warrant, officers found the two-liter bottle, which held active methamphetamine solution, along with other methamphetamine manufacturing paraphernalia.

On April 23, 2014, the State charged Hayes with class B felony dealing in methamphetamine, class D felony possession of methamphetamine, and alleged that he was an habitual substance offender. On August 22, 2014, the State added a charge of class B felony conspiracy to commit dealing in methamphetamine. Prior to trial, Hayes filed a motion to suppress, arguing that the officers' conduct violated his rights under the United States and Indiana Constitutions. The trial court denied his motion. Hayes renewed his argument by objecting at trial to the evidence obtained at the mobile home, and the trial court again ruled against him. Following the November 2014 [bifurcated] trial, the jury found Hayes guilty as charged, and the trial court sentenced him to an aggregate sentence of thirty-two years imprisonment.

*Hayes v. State*, No. 28A01-1412-CR-554, 2015 WL 5088829, slip op. at *1 (Ind. Ct. App. Aug. 28, 2015) (footnote omitted).  Hayes filed a direct appeal arguing that the trial court abused its discretion in admitting certain evidence at trial

that he alleged was obtained by law enforcement in violation of his rights under the United States and Indiana Constitutions. Finding no constitutional violations, another panel of this Court affirmed his convictions. *Id*. at *3.

[3] Hayes filed a pro se petition for post-conviction relief that was amended by counsel on October 2, 2018. In his amended petition, he alleged that he was denied his right to effective assistance of trial counsel due to his counsel's failure to object to the admission of Exhibit 32 during the habitual substance offender portion of his trial. Exhibit 32 "contained a certified Judgment of Conviction, Pronouncement of Sentence, and Verdict Forms for [Hayes's] crimes of possession of methamphetamine and possession of paraphernalia from 2008." Appealed Order at 1. Exhibit 32 "contained references to or information about at least 20 prior criminal convictions and/or juvenile offenses of [Hayes's], only two of which were necessary to prove an element or elements of the State's habitual substance offender charge." *Id.* Following a hearing, the post-conviction court entered findings of fact and conclusions of law denying the petition for relief. This appeal ensued. Additional facts will be provided as necessary.

## Discussion and Decision

[4] Hayes contends that the post-conviction court erred in denying his PCR petition. Post-conviction proceedings do not offer the petitioner a super appeal; rather, subsequent collateral challenges must be based on grounds enumerated in the post-conviction rules. *McKnight v. State*, 1 N.E.3d 193, 199 (Ind. Ct. App. 2013). These rules limit the scope of relief to issues unknown or unavailable to

the petitioner on direct appeal. *Id.* The petitioner in a PCR proceeding "bears the burden of establishing grounds for relief by a preponderance of the evidence." Ind. Post-Conviction Rule 1(5); *Humphrey v. State*, 73 N.E.3d 677, 681 (Ind. 2017). When issuing its decision to grant or deny relief, the post-conviction court must make findings of fact and conclusions of law on all issues presented. Ind. Post-Conviction Rule 1(6); *Humphrey*, 73 N.E.3d at 682.

[5] We review a post-conviction court's denial of a PCR petition for clear error. *Massey v. State*, 955 N.E.2d 247, 253 (Ind. Ct. App. 2011). To prevail on appeal, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite the one reached by the post-conviction court. *Ellis v. State*, 67 N.E.3d 643, 646 (Ind. 2017). In conducting our review, we neither reweigh evidence nor judge witness credibility; rather, we consider only the evidence and reasonable inferences most favorable to the judgment. *McKnight*, 1 N.E.3d at 199.

[6] Hayes maintains that he was denied his constitutional right to effective assistance of counsel. To prevail on an ineffective assistance of counsel claim, he must satisfy two components: he must demonstrate both deficient performance and prejudice resulting from it. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance is "representation [that] fell below an objective standard of reasonableness, [where] counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed to the defendant by the Sixth Amendment." *Passwater v. State*, 989 N.E.2d 766, 770 (Ind. 2013). We assess counsel's performance based on facts that are known at the time and

not through hindsight. *Shanabarger v. State*, 846 N.E.2d 702, 709 (Ind. Ct. App. 2006), *trans. denied*.

[7] "[C]ounsel's performance is presumed effective, and a defendant must offer strong and convincing evidence to overcome this presumption." *Ritchie v. State*, 875 N.E.2d 706, 714 (Ind. 2007). "Tactical or strategic decisions will not support a claim of ineffective assistance," and we therefore afford those decisions great deference. *McCary v. State*, 761 N.E.2d 389, 392 (Ind. 2002) (citation omitted). We evaluate counsel's performance as a whole. *Flanders v. State,* 955 N.E.2d 732, 739 (Ind. Ct. App. 2011)*, trans. denied* (2012). "*Strickland* does not guarantee perfect representation, only a reasonably competent attorney." *Hinesley v. State*, 999 N.E.2d 975, 983 (Ind. Ct. App. 2013), *trans. denied* (2014). Prejudice occurs when a reasonable probability exists that, but for counsel's errors, the result of the proceeding would have been different. *Passwater*, 989 N.E.2d at 770. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Mitchell v. State*, 946 N.E.2d 640, 643 (Ind. Ct. App. 2011), *trans. denied*.

[8] "Although the performance prong and the prejudice prong are separate inquiries, failure to satisfy either prong will cause the claim to fail." *Baer v. State*, 942 N.E.2d 80, 91 (Ind. 2011). "If we can easily dismiss an ineffective assistance claim based upon the prejudice prong, we may do so without addressing whether counsel's performance was deficient." *Henley v. State*, 881 N.E.2d 639, 645 (Ind. 2008). "Most ineffective assistance of counsel claims can be resolved by a prejudice inquiry alone." *Id.*

[9] Here, Hayes maintains that he was denied effective assistance of trial counsel because his counsel failed to object to the trial court's admission of Exhibit 32 during the habitual substance offender phase of trial. We agree with the post-conviction court that this case can be resolved based upon the prejudice prong alone, and this Court's opinion in *Kyles v. State*, 888 N.E.2d 809 (Ind. Ct. App. 2008), is instructive in doing so.

[10] In *Kyles,* during the habitual offender phase of the trial, the State introduced into evidence certified copies of judgments of conviction stating that the defendant had been previously convicted of class D felony theft, first in 1997 and again in 2007. *Id*. at 814. The judgment of conviction for the 1997 theft contained handwritten statements indicating that the defendant was convicted of class B misdemeanor battery in relation to the theft offense and that his prior criminal history included six true findings as a juvenile, fourteen misdemeanor convictions, and two other felony convictions. *Id.* The defendant moved for a mistrial which was denied by the trial court, and he was found by the jury to be a habitual offender. *Id*.

[11] The defendant appealed arguing that the trial court erred in denying his motion for mistrial because the information concerning his prior criminal history "was so prejudicial that it absolutely foreclosed any possibility" that the jury would find in his favor on the habitual offender allegation. *Id*. This Court noted that in the context of habitual offender determinations where the State need only prove beyond a reasonable doubt that a defendant has been convicted of two prior unrelated felonies, *see* Ind. Code § 35-50-2-8, our supreme court has

consistently stated that if the State introduces evidence that the defendant has been convicted of more than two prior unrelated felonies, the introduction of such additional felonies is "mere surplusage" and therefore harmless. *Id.* (citing *Wilson v. State*, 511 N.E.2d 1014, 1017 (Ind. 1987); *Golden v. State*, 485 N.E.2d 51, 56 (Ind. 1985)). Accordingly, in *Kyles*, we failed "to see how the inclusion of additional felony and non-felony offenses, though voluminous, substantially prejudiced the jury's decision." *Id*.

[12] During the habitual substance offender phase of the trial here, the State introduced into evidence certified copies of judgments of conviction stating that Hayes was convicted of class D felony possession of methamphetamine in 2005 and 2008, and class D felony possession of marijuana in 2013. One of the State's exhibits, Exhibit 32, which was admitted without objection, contained references to or information about numerous other prior criminal convictions and/or juvenile offenses. At the conclusion of this phase of trial, the jury indeed found Hayes to be a habitual substance offender. However, as in *Kyles*, we fail to see how the admission of Hayes's additional criminal history, though voluminous, could have substantially prejudiced the jury's ultimate decision. We acknowledge that neither *Kyles* nor the precedent it relies upon are procedurally identical to the present case, as none of those cases involved post-conviction proceedings or a claim of prejudice in the context of ineffective assistance of counsel. Nevertheless, we think that any error by counsel in failing to object to the admission of evidence, when that admission of evidence would have been considered surplusage and ruled harmless, at most, on direct

appeal, surely does not rise to the level of a denial of the Sixth Amendment right to effective assistance of counsel.

[13] Moreover, we agree with the State that there is nothing in the record to show that the jury reviewed or ever learned of the surplus information contained in Exhibit 32 such that Hayes could demonstrate that he suffered prejudice. First, the record reflects that, while testifying, the State's sponsoring witness did not refer to Hayes's additional criminal history contained in the exhibit, and there is no indication that the State ever moved to publish the exhibit. Trial Tr. Vol. 4 at 765. During post-conviction proceedings, Hayes's trial counsel testified that he did not believe the exhibit was in fact published because in his experience he had never known an exhibit to be passed to the jury absent a motion. PCR Tr. Vol. 2 at 13-15. The post-conviction court surmised that, although evidently not published, Exhibit 32 was likely "included with the exhibits and documents that would have been accessible to the jurors in the jury room during deliberations consistent with local practice." Appealed Order at 2. Still, Hayes has not convinced us that this is the case. Based upon the trial transcript presented, we are unable to determine whether the jury had access to Exhibit 32, as any discussion by counsel regarding exhibits traveling to the jury room took place off the record. It is well settled that the appellant bears the burden of presenting to this Court a record that is complete with respect to the issues raised on appeal. *Clark v. State*, 562 N.E.2d 11, 13 (Ind. 1990). This burden includes the duty to ensure that the appellate court has before it a complete transcript of the proceedings or, where none is available, an affidavit setting

forth the content of the proceedings. *See* Ind. Appellate Rule 31. Hayes has not submitted an affidavit stating that Exhibit 32 was sent to the jury room, and, unlike the post-conviction court, we will not speculate that it was.[1]

[14] In sum, Hayes has failed to demonstrate that there is a reasonable probability that but for his trial counsel's alleged error, the result of the habitual substance offender proceeding would have been different. Thus, we find no clear error in the post-conviction court's conclusion that Hayes did not meet his burden of establishing ineffective assistance concerning his trial counsel's failure to object to the admission of Exhibit 32. Finding no clear error in the post-conviction court's judgment, we affirm its denial of Hayes's PCR petition.

[15] Affirmed.

Bailey, J., and Altice, J., concur.

---

[1] Hayes's trial counsel testified that, even assuming Exhibit 32 was sent to the jury room, the jury deliberated for such a short time that "there's no way" the jury would have had time to review it. PCR Tr. Vol. 2 at 15.