Perry Glenn GEBHART, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 49S00–8705–CR–496.

Supreme Court of Indiana.

July 11, 1988.

Reginald B. Bishop, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

Appellant Perry Glenn Gebhart was tried before a jury and convicted of four counts of burglary, one as a class A felony and three as class B felonies, Ind. Code § 35–43–2–1 (Burns 1985 Repl.), and four counts of theft, a class D felony, Ind. Code § 35–43–4–2(a) (Burns 1985 Repl.). The tri-

al court sentenced him to concurrent terms of twenty-five years in prison for the class A burglary, ten years for each class B burglary, and two years for each theft.

On direct appeal, Gebhart raises the following issues:

I. Whether the evidence is sufficient to support the convictions;

II. Whether the trial court erred in denying his motion for continuance made on the morning of trial, and

III. Whether the trial court erred in giving repetitive final jury instructions.

The evidence at trial showed that Gebhart and several accomplices burglarized four residences, taking televisions, stereos and other items. Two accomplices testified that Gebhart participated in the burglaries and thefts. Gebhart and company accomplished all the burglaries in the same general manner. One would crawl into the house through a window and open the door for the other burglars.

During one such episode, the home owner and a friend returned home to discover a burglary in progress. A scuffle ensued, and the friend fell, hitting his head on the concrete porch. The victims identified the two accomplices who testified, but they were unable to identify Gebhart. The two accomplices identified Gebhart in court as the individual who committed the burglaries and thefts with them. They also testified that they both pled guilty under agreements providing for fifteen year sentences in exchange for their testimony.

*I. Sufficiency of the Evidence*

■ Gebhart claims that the evidence is insufficient to support the burglary charges because he did not "break and enter" through the windows but merely walked through the front door opened by his accomplices. He also says the evidence of theft is insufficient because his accomplices could not testify that he personally carried off any particular item. While Gebhart may not have performed each individual element of the crimes charged, he is liable for the acts of his accomplices. Ind. Code § 35–41–2–4 (Burns 1985 Repl.); *Den-*

*nis v. State* (1986), Ind., 498 N.E.2d 1209. The accomplices supplied direct evidence of each element of burglary and theft.

■ Gebhart also argues that the conviction for burglary as a class A felony cannot stand because no bodily injury occurred. Bodily injury elevates a burglary to a class A felony. Ind. Code § 35–43–2–1. The injured victim testified that after the scuffle in which he struck his head on the concrete he suffered a headache for several days and still suffered pain from the injury, although he did not require medical treatment.

The statutory definition of bodily injury includes any injury causing physical pain. Ind. Code § 35–41–1–4 (Burns 1985 Repl.). Medical treatment, bloodshed or visible wounds are not necessary to a finding of bodily injury. The degree of injury is a question of fact for the jury. *Outlaw v. State* (1985), Ind., 484 N.E.2d 10. The evidence supported the jury's finding of bodily injury.

■ Finally, Gebhart argues that the evidence is insufficient because it is supported only by the testimony of accomplices who testified in exchange for a favorable plea agreement. He says minor inconsistencies in the testimony of the accomplices and the victims render their testimony incredible. The jury was aware that the accomplices received favorable plea agreements, and it observed any inconsistencies in the testimony. The jurors are charged with determining the credibility of the witnesses. Their decision is supported by sufficient evidence.

*II. Continuance*

■ On the morning of trial, Gebhart requested a continuance to secure the attendance of a witness who was otherwise occupied in another courtroom at the time of trial. Counsel for Gebhart stated that he had interviewed the potential witness and that the testimony she could provide did not establish the alibi Gebhart anticipated. The judge indicated that the witness could be served with a subpoena while in the other court if Gebhart desired her pres-

ence. No subpoena was requested or issued, and the continuance was denied. After the State's case-in-chief, the defense rested without presenting any evidence.

When the defendant seeks a continuance on these grounds to secure the attendance of a witness, he must file an affidavit five days before trial alleging certain particulars regarding the witness and the expected testimony. Ind. Code § 35–36–7–1 (Burns 1985 Repl.). If the defendant fails to comply with these requirements, granting a continuance is within the discretion of the court. That discretion is abused only when prejudice results from the denial of the continuance. *Laird v. State* (1985), Ind., 483 N.E.2d 68.

Gebhart did not offer to prove the specific facts to which the witness would testify. Moreover, defense counsel indicated that the witness could not establish an alibi. Gebhart has not shown that he was prejudiced by the absence of the witness. The trial court did not abuse its discretion in denying the continuance.

### III. Repetitive Instructions

Gebhart challenges three final instructions tendered by the State. He argues that these instructions were unduly repetitive and constitute reversible error.

A certain amount of repetition is inherent in the nature of jury instructions. The defendant's substantive rights are not violated by instructions which are to some extent repetitive. *See Golden v. State* (1985), Ind., 485 N.E.2d 51 (two instructions on definition of forgery not necessarily improper or prejudicial); *Coleman v. State* (1984), Ind., 465 N.E.2d 1130 (instruction that specific intent to kill was not element of felony murder and instruction that intent can be inferred from circumstances not too repetitive).

Instructions become improper only when they "are so repetitious as to place an undue emphasis on a particular point...." *Johnson v. State* (1972), 258 Ind. 683, 687, 284 N.E.2d 517, 519. Reversal is required only when the instructions are so repetitive as to unduly emphasize a particular point or become argument by the court. *See*

*Robbins v. Fugit* (1920), 189 Ind. 165, 126 N.E. 321 (giving fourteen or fifteen instructions on undue influence in will contest case was needless repetition amounting to argument by the court which may mislead the jury).

The challenged instructions include: (1) the definition of "dwelling," (2) definitions of "breaking" and "entering," and (3) explanation that a breaking need not be forcible. Gebhart argues that these are repetitive of the court's extensive instruction defining burglary. The challenged instructions merely defined particular terms used in that definition. The instructions were not so repetitive as to unduly emphasize a particular point or amount to argument by the court. The court correctly instructed the jury.

The judgment of the trial court is affirmed.

DeBRULER, GIVAN, PIVARNIK and DICKSON, JJ., concur.