Willie HENLEY, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00–8808–CR–753.

Supreme Court of Indiana.

Dec. 13, 1989.

Nancy L. Broyles, McClure, McClure & Kammen, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

This cause was submitted to the trial judge without a jury. After hearing the evidence, the trial judge found appellant guilty of Burglary, a Class A felony, and Sexual Deviate Conduct, a Class A felony. He sentenced appellant to fifty (50) years on each count, the sentences to run concurrently.

The facts are: On July 8, 1987, appellant entered the home of the victim where she was lying on her couch watching television. When she realized appellant was in her home, she stood up and screamed. Appellant grabbed her around the head and forced her back on the couch, bending her glasses and knocking them from her face. He pressed a hard object to the back of the victim's neck and told her he had a gun. He then forced her to turn off the television and the lights and to lock the door. Upon the completion of locking the doors, they were in the kitchen where appellant forced the victim to disrobe and bend over. He attempted anal intercourse while the victim was in a standing position but was unsuccessful. He then forced the victim to lie face down on the kitchen floor and anally penetrated her.

After appellant left, the victim summoned aid and was taken to the hospital where she was examined. The examining physician testified that she had abrasions in her anal area and a bloody mucous discharge. The victim selected appellant's picture from a photographic array of eight pictures submitted by the police officers. At trial, she identified appellant as her assailant.

Appellant claims there is insufficient evidence to support the trial court's finding that he was guilty of burglary, a Class A felony. He concedes the statute provides for the crime to be a Class A felony if it "results in either bodily injury or serious bodily injury to any person other than a defendant." Ind.Code § 35–43–2–1.

However, he claimed that the victim received no injury in the encounter. To support this contention, he cites her testimony on cross-examination when she was asked if appellant ever struck her during the en-

counter, to which she responded he did not. She was then asked if he injured her otherwise, to which she responded he did not. It is obvious this line of questioning was not understood by the victim to be a comment on the injury she received as a result of the anal intercourse. It is obvious that this line of questioning was directed to the possibility of any injuries she sustained in attempting to resist the attack.

From the testimony of the attending physician, there is no question but that there is ample evidence to sustain the trial court's finding that the victim in fact did sustain injury sufficient to bring the burglary within the Class A definition in the statute. *Gebhart v. State* (1988), Ind., 525 N.E.2d 603.

Appellant contends the trial court erred when it overruled his motion to suppress his extrajudicial statement. Following appellant's arrest, he was taken to the police station where, after the proper warnings were given, he issued a statement that he had entered the wrong house and thought he might have made love to the victim, but he could not remember. He claims he only gave that statement to the police because Officer Duhamell promised him that if he gave a statement he could go home.

He cites *Ashby v. State* (1976), 265 Ind. 316, 354 N.E.2d 192 for the proposition that statements brought about by a police officer's promises that punishment would be mitigated if they confessed were not admissible. However, in the case at bar, even if we assume for the sake of argument that Officer Duhamell in fact did make such a statement to appellant, it falls far short of the promise of mitigation or a promise of leniency.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.