**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**LISA DIANE MANNING**
Manning Law Office
Danville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN MCLEAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| AARON JOHNSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 32A01-1206-CR-270 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HENDRICKS SUPERIOR COURT
The Honorable Stephenie LeMay-Luken, Judge
Cause No. 32D05-1101-FD-30

**January 9, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Aaron Johnson appeals his conviction for battery as a class D felony.[1]  Johnson raises one issue, which we restate as whether the evidence is sufficient to sustain his conviction.  We affirm.

The relevant facts follow.  On September 13, 2010, Correctional Officer Paul Gamroth, an employee of the Indiana Department of Correction (the "DOC"), was assigned to the east dorm of the Plainfield Correctional Facility.  At some point, Officer Gamroth noticed a disturbance in Unit Q, and radioed for assistance.[2]

Officer Gamroth observed five offenders "yelling back and forth at each other" and officers "pulled those five (5) basically out and put the rest of the offenders on their bunks."  Transcript at 132.  One of the offenders was moved into segregation and four of the offenders, including Johnson and Adrian Lotaki, were moved to the east dorm dayroom of the facility, which is a common area shared by Units P and Q, and the four men sat at a table.  The Captain was contacted and ordered the officers to place the offenders in restraints or handcuffs for safety reasons.

Sergeant Powell, also an employee of the DOC, approached Lotaki to place restraints on him and asked Lotaki to stand up and place his hands on his head.  As Lotaki stood up, he turned and struck Sergeant Powell on the jaw.  Other officers immediately attempted to restrain Lotaki and struggled with him.

---

[1] Ind. Code § 35-42-2-1 (Supp. 2009) (subsequently amended by Pub. L. No. 114-2012, § 137 (eff. Jul. 1, 2012)).

[2] At the time, three officers, including Officers Gamroth and Tony Walden were stationed in this particular area of the Plainfield Correctional Facility, and Units P and Q housed approximately 244 offenders.

2

As officers were assisting with Lotaki, Johnson "came out of his chair and charged" and attempted to strike Officer Gamroth. Id. at 146. At that time, Officer Tony Walden entered the dayroom and began to attempt to subdue Johnson. At some point, Johnson was able to place Officer Walden "in a headlock." Id. at 172. After a struggle, and after Sergeant Powell deployed pepper spray at Lotaki's eyes, officers were able to subdue Johnson and Lotaki.

Officer Gamroth noticed that Officer Walden had blood on his lower gum or lip. Officer Walden and Sergeant Powell were transported to an outside medical treatment facility. During a subsequent interview in connection with an investigation of the incident, Johnson admitted to striking staff members during the altercation.

On January 12, 2011, the State filed an information charging Johnson with battery as a class D felony, and on January 3, 2012, the State filed an amended information to specifically allege that Walden was an employee of the DOC. At a jury trial on April 9, 2012,[3] evidence was presented that Johnson physically struggled with Officer Walden and was able to place him in a headlock. Officer Gamroth testified that, following the altercation, "it looked like [Officer Walden] might of taken a hit in the mouth, he had a little bit of blood like, on his lower gum around there." Id. at 148. When asked if he observed blood on Officer Walden's lower lip, Officer Gamroth responded affirmatively. When asked if he had an opportunity to observe Officer Walden on September 13, 2010, prior to the altercation, Officer Gamroth answered "Yeah," and when asked if he recalled any injuries to Officer Walden's face, Officer Gamroth answered "No." Id. at 170.

_____

[3] Johnson and Lotaki were tried together.

3

Officer Gamroth also indicated that it is not common for a corrections officer to be bleeding while on duty and that such a situation would be unusual and would be something he would recall. The court also admitted a video recording which showed the altercation. The jury found Johnson guilty as charged. The court sentenced Johnson to 1095 days in the DOC to run consecutive to the sentence Johnson was currently serving.

The sole issue is whether the evidence is sufficient to sustain Johnson's conviction for battery as a class D felony. When reviewing the sufficiency of the evidence needed to support a criminal conviction, we neither reweigh evidence nor judge witness credibility. Bailey v. State, 907 N.E.2d 1003, 1005 (Ind. 2009). "We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." Id. We will affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt. Id. It is well established that "circumstantial evidence will be deemed sufficient if inferences may reasonably be drawn that enable the trier of fact to find the defendant guilty beyond a reasonable doubt." Pratt v. State, 744 N.E.2d 434, 437 (Ind. 2001).

The offense of battery is governed by Ind. Code § 35-42-2-1(a), which provides in part that "[a] person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, a Class B misdemeanor" and that "[h]owever, the offense is . . . a Class D felony if it results in bodily injury to . . . an employee of the department of correction while the employee is engaged in the execution of the employee's official duty." "'Bodily injury' means any impairment of physical condition,

4

including physical pain." Ind. Code § 35-41-1-4 (now found at Ind. Code 35-31.5-2-29 (eff. Jul. 1, 2012)). We also note that "[t]he degree of injury is a question of fact for the jury." Gebhart v. State, 525 N.E.2d 603, 604 (Ind. 1988). The State's amended information alleged that Johnson "did knowingly touch Tony Walden, a an [sic] employee of the department of correction, in a rude insolent or angry manner resulting in injury while Tony Walden was engaged in the execution of his official duty." Appellant's Appendix at 30.

Johnson concedes that there is no dispute that the alleged victim in this case was an employee of the DOC engaged in his official duties at the time of the incident and that a witness testified that he observed Johnson place Officer Walden in a headlock and thus that there was sufficient evidence of rude, insolent or angry touching. Johnson maintains, however, that there was insufficient evidence that the touching resulted in bodily injury to Officer Walden. Johnson argues that Officer Walden did not testify at trial, that the only testimony that there was a battery was from Officer Gamroth, that none of the other officers were able to testify as to what happened between Officer Walden and Johnson during the incident, that the jury viewed a video showing still frame photographs that shows Johnson engaged physically with Officer Walden, that no medical reports from Officer Walden's treatment were admitted into evidence, and that no evidence was presented that Johnson's battery resulted in bodily injury to Officer Walden. Johnson argues that he suffered injuries to his head and was not moving for about three minutes and that the State presented no evidence that the blood on Officer Walden's lip was a result of the headlock as opposed to Officer Walden initially tackling or successfully

5

subduing Johnson. Johnson also argues that it is possible that the blood on Officer Walden's lip was Johnson's blood as he suffered an injury to his head.

The State argues that eyewitness testimony and a video recording of events proved that Johnson, who later admitted to striking DOC employees during the altercation, grabbed Officer Walden's head and knocked him into a wall and floor. The State asserts that eyewitness evidence also proved that Officer Walden did not exhibit bleeding prior to the altercation. The State maintains that this evidence was sufficient to permit the jury to conclude that Johnson's violent contact with Officer Walden's head and face resulted in bleeding and therefore bodily injury. The State further argues that Johnson's argument to the contrary incorrectly contends that the State is required to disprove any speculation Johnson may wish to make at trial or on appeal regarding alternative explanations for Officer Walden's injury, and that Johnson's arguments effectively ask this court to determine if other explanations for Officer Walden's injuries are more or less plausible than the explanation supporting the conviction.

In his reply brief, Johnson argues that Officer Gamroth specifically testified that he did not see Officer Walden sustain an injury and did not know what caused the blood on Officer Walden's lip. Johnson states that there was no evidence that Officer Walden was transported to a medical facility for treatment of his injuries, that the presence of blood alone does not constitute evidence that an injury resulted from the touching, and that there was no evidence that Johnson's actions resulted in injury to Officer Walden.

The record reveals that Officer Walden had a physical altercation with Johnson in an attempt to restrain Johnson and that Johnson was able to place Officer Walden in a

6

headlock. The evidence also includes testimony that Officer Walden had some blood on his lower gum area or lip and was transported to an outside medical treatment facility. Officer Gamroth testified that he did not notice any injuries to Officer Walden's face prior to the altercation. We will not reweigh the evidence, see Bailey, 907 N.E.2d at 1005, and we note that "in reviewing the sufficiency of the evidence supporting a conviction it is not necessary for that evidence to overcome every conceivable hypothesis of innocence, and we look only at the probative evidence supporting the conviction." Lock v. State, 971 N.E.2d 71, 77-78 (Ind. 2012).

Based upon the record in this case, we conclude that the State presented evidence of probative value from which a reasonable trier of fact could have found Johnson guilty beyond a reasonable doubt of battery as a class D felony. See Tucker v. State, 725 N.E.2d 894, 898 (Ind. Ct. App. 2000) (holding that a bruise is a physical impairment and thus constitutes bodily injury), trans. denied; Hanic v. State, 406 N.E.2d 335, 337-338 (Ind. Ct. App. 1980) (noting that the victim testified that she and the defendant had been fighting and that the defendant had grabbed, pulled, and knocked her down several times and that police officers testified that the victim had red marks on her arms and bruises on her arm and other minor scratches, and holding that the evidence was sufficient to support a finding by the trial court of bodily injury); see also Marsh v. State, 818 N.E.2d 143, 148 (Ind. Ct. App. 2004) (noting the elements of battery as a class D felony under Ind. Code § 35-42-2-1, that there was evidence that Marsh struck a person in the mouth with enough force to cause swelling and bleeding, and that Marsh's action constituted battery supporting the revocation of Marsh's probation).

For the foregoing reasons, we affirm Johnson's conviction for battery as a class D felony.

Affirmed.

BAILEY, J., and VAIDIK, J., concur.